1  Rachel A. Straus (SBN 268836)
   rstraus@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   2049 Century Park East, Suite 3000
3  Los Angeles, California 90067
   Telephone:  424.285.8330
4  Facsimile:   424.204.9093

5  Attorneys for Defendant
   BPS DIRECT, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MOORE, JR., individually and on behalf of others,<br><br>Plaintiff,<br><br>vs.<br><br>BPS DIRECT, LLC ,<br><br>Defendant. | Case No. 3:22-cv-01951-TWR-NLS<br><br>Assigned to: Hon. Todd W. Robinson<br><br>**DEFENDANT BPS DIRECT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:  May 18, 2023<br>Time:  3:00 p.m.<br>Place:  221 West Broadway<br>       San Diego, CA 92101<br>       Courtroom 3A, 3rd Floor<br><br>Complaint Served: December 12, 2022 |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. PLAINTIFF'S ALLEGATIONS..........................................................................2

III. LEGAL STANDARD ..........................................................................................3

IV. ARGUMENT........................................................................................................3

    A. BPS Cannot Eavesdrop or Wiretap its Own Communications.............3

    B. Plaintiff Has Not Alleged the Interception of Any Communication While "In Transit."..................................................................................5

    C. Plaintiff Has Not Alleged that BPS Acquired Any "Contents of a Communication." ....................................................................................6

    D. The Complaint Should be Dismissed Without Leave to Amend..........8

V. CONCLUSION ....................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adler v. Community.com*,
    2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) ............................................................ 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................ 3, 7

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ................................................................ 1, 6

*David Kauffman v. Alaska Airlines, Inc.*,
    3:22-cv-01525 (S.D. Cal.) ....................................................................................... 2

*David Kauffman v. American Airlines, Inc.*,
    4:22-cv-01123 (S.D. Cal.) ....................................................................................... 2

*David Kauffman v. The Home Depot, Inc.*,
    3:23-cv-00259 (S.D. Cal.) ....................................................................................... 2

*David Kauffman v. Papa John's International Inc.*,
    3:22-cv-01492 (S.D. Cal.) ....................................................................................... 2

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) .................................................................................. 8

*Emir Balanzar v. HP Inc.*,
    3:22-cv-02030 (S.D. Cal.) ....................................................................................... 3

*Goldstein v. Costco Wholesale Corp.*,
    559 F.Supp.3d 1318 (S.D. Fla, 2021) ..................................................................... 7

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021) ............................................................ 4, 6, 7

*Gregory Moore Jr. v. Carhartt, Inc.*,
    3:23-cv-00145 (S.D. Cal.) ....................................................................................... 2

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) .................................................................................. 3

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ................................................................................... 3

*In re Google Cookie Placement Consumer Privacy Litig.*,
    806 F.3d 125 (3rd Cir. 2015) ................................................................................. 3, 6

*In re Vizio, Inc., Consumer Privacy Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) .................................................................... 5

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........................................................................ 1

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) ............................................................................. 1, 6

*Jacome v. Spirit Airlines*,
    2021 WL 3087860 (Fla. Cir. Ct. June 17, 2021) ...................................................... 7

*Joan Wright v. Greenlight Financial Technology, Inc.*,
    3:22-cv-02025 (S.D. Cal.) ......................................................................................... 2

*Joan Wright v. Ulta Salon, Cosmetics & Fragrance, Inc.*,
    3:22-cv-1954 (S.D. Cal.) ........................................................................................... 3

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) .................................................................................... 5

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021) .................................................................... 7

*Mireskandari v. Mail*,
    2013 WL 12129559 (C.D. Cal. July 30, 2013.) ....................................................... 5

*NovelPoster v. Javitch Canfield Grp.*,
    140 F. Supp. 3d 938 (N.D. Cal. 2014) ...................................................................... 5

*Ophelia Augustine v. Great Wolf Resorts, Inc.*,
    3:23-cv-00281 (S.D. Cal.) ......................................................................................... 2

*Ophelia Augustine v. Lenovo (United States) Inc.*,
    3:22-cv-02027 (S.D. Cal.) ......................................................................................... 3

*Ophelia Augustine v. Quest Diagnostics Incorporated*,
    3:22-cv-01980 (S.D. Cal.) ......................................................................................... 2

*Quigley v. Yelp, Inc.*,
  2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) .................................................................. 5

*Ribas v. Clark*,
  38 Cal. 3d 355 (1985) .................................................................................................... 4

*Rogers v. Ulrich*,
  52 Cal. App. 3d 894 (1975) ...................................................................................... 1, 4

*Rosenow v. Facebook, Inc.*,
  2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ............................................................... 5

*Russell Smith v. Volvo Car USA, LLC*,
  3:22-cv-01965 (S.D. Cal.) ............................................................................................. 2

*Saleh v. Nike, Inc.*,
  562 F. Supp. 3d 503 (C.D. Cal. 2021) ........................................................................... 4

*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*,
  315 F.Supp.3d 1147 (C.D. Cal. 2018) ........................................................................... 3

*Warden v. Kahn*,
  99 Cal. App. 3d 805 (Ct. App. 1979) ............................................................................ 4

*Williams v. What If Holdings, LLC*,
  2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ............................................................ 4

**Statutes**

18 U.S.C. § 2510(8) ............................................................................................................ 6

28 U.S.C. § 2511(2)(d) ....................................................................................................... 3

Federal Wiretap Act ........................................................................... 1, 2, 3, 4, 5, 6, 7, 8

Federal Wiretap Act (18 U.S.C. §§ 2510 *et seq*.) ............................................................ 1

Privacy Act (Cal. Penal Code §§ 630 *et seq*.) .................................................................. 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1

**Other Authorities**

www www.bassproshops.com .............................................................................................. 1

## I. INTRODUCTION

With this putative class action, Plaintiff Gregory Moore has filed a copycat complaint challenging Defendant BPS Direct, LLC's ("BPS") use of routine software-based solutions that improve the design, functionality, and user experience of its customer-facing website: www www.bassproshops.com ("BPS Website"). Specifically, Plaintiff claims that the routine software BPS utilizes to, for example, identify troubleshoot, and remediate bugs on its website constitutes "wiretapping" and "eavesdropping" in violation of the federal Wiretap Act (18 U.S.C. §§ 2510 *et seq.*) ("Federal Wiretap Act") and the California Invasion of Privacy Act (Cal. Penal Code §§ 630 *et seq.*) ("CIPA"). Courts around the country, and in this Circuit, have rejected claims just like these. Plaintiff's Complaint fails on its face, demanding dismissal under Rule 12(b)(6).

First, Plaintiff's claim under the Federal Wiretap Act fails because the statute only requires one-party consent—BPS' own consent to any recording is dispositive of Plaintiff's claim. (*In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028 (N.D. Cal. 2014).) Plaintiff's CIPA claim also fails because a party cannot eavesdrop on its own communications with another party. (*Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975).)

Second, Plaintiff's allegations fail to demonstrate that any "communication" was intercepted as he must to pursue his Wire Tap Act and CIPA claims.

Finally, Plaintiff fails to show that any "contents of a communication" were intercepted. The "contents of a communication" under the Federal Wiretap Act and CIPA is limited to information showing the "substance, purport, or meaning" of a communication. (*Brodsky v. Apple Inc.,* 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020).) "[R]ecord information that only conveys characteristics of a message, such as the "mouse movements and clicks, keystrokes, search items, information inputted . . . and pages and content viewed" that Plaintiff claims BPS acquired here is not actionable. (*In re Zynga Priv. Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014).)

For these reasons and the other reasons discussed below, the Court should dismiss Plaintiff's claims in their entirety and with prejudice.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that at some unknown time "over the last few years [he] visited [BPS'] website." (Complaint ¶ 32.) Notably, Plaintiff does not allege he is a BPS customer or purchased any BPS merchandise. He also provides no explanation as to why he purportedly visited the BPS Website. While Plaintiff repeatedly alleges he sent "communications" to the BPS Website, he never alleges what specific communication he allegedly sent to the BPS Website.

Plaintiff alleges in conclusory fashion, BPS "used session replay 'spyware' to intercept [his] electronic communications," and collect information including "mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, pages and content viewed, scroll movements, and copy and paste actions." (*Id*. ¶¶ 41, 43). BPS then purportedly "stored the communications and played them back and analyzed them for business purposes." (*Id*. ¶ 50). According to Plaintiff, this conduct violates the Federal Wiretap Act and CIPA[1] and entitles Plaintiff and a class of "all persons in the United States whose communications were intercepted by Defendant and its agents" and a subclass of "all persons in California whose communications were intercepted by Defendant or its agent" to the "greater of $10,000 or $100 per day for each violation" of the Federal Wiretap Act and "$2,500 to each Subclass Member pursuant to [CIPA]." (*Id*. ¶ 57 and prayer for relief).[2]

---

[1] It is entirely unclear which portion of Section 631 Plaintiff believes BPS violated through use of its "session replay" software, but as discussed below, Plaintiff has failed to allege any Section 631 violation.

[2] Since December of last year, Plaintiff's Counsel has filed at least 12 nearly identical complaints asserting the same boilerplate allegations, including a complaint on behalf of the same named plaintiff: *Gregory Moore Jr. v. Carhartt, Inc*., 3:23-cv-00145 (S.D. Cal.); see also *David Kauffman v. Papa John's International, Inc*., 3:22-cv-01492 (S.D. Cal.); *David Kauffman v. Alaska Airlines, Inc*., 3:22-cv-01525 (S.D. Cal.); *David Kauffman v. American Airlines, Inc*., 4:22-cv-01123 (S.D. Cal.); *David Kauffman v. The Home Depot, Inc*., 3:23-cv-00259 (S.D. Cal.); *Ophelia Augustine v. Great Wolf Resorts, Inc*., 3:23-cv-00281 (S.D. Cal.); *Ophelia Augustine v. Quest Diagnostics Incorporated*, 3:22-cv-01980 (S.D. Cal.); *Russell Smith v. Volvo Car USA, LLC*, 3:22-cv-01965 (S.D. Cal.); *Joan Wright v. Greenlight Financial*

## III. LEGAL STANDARD

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) A "threadbare" recitation of the elements of a cause of action does not suffice. *Id*. Neither do conclusory allegations or allegations that "merely track[] the language of the statute[s] [themselves], without providing facts to substantiate the claimed legal conclusions." (*Ticketmaster L.L.C. v. Prestige Ent. W., Inc.,* 315 F.Supp.3d 1147, 1175 (C.D. Cal. 2018); *see also In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (courts should not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."))

## IV. ARGUMENT

### A. BPS Cannot Eavesdrop or Wiretap its Own Communications.

Plaintiff's Wiretap Act and CIPA § 631 claims fail for the fundamental reason that BPS was the intended recipient of the communications and thus cannot wiretap or eavesdrop its *own* communications.

The Wiretap Act expressly states that "a party to the communication" cannot be liable for wiretapping or eavesdropping. (28 U.S.C. § 2511(2)(d) ("it shall not be unlawful under this chapter for a person…to intercept a wire, oral, or electronic communication where such person is a party to the communication."); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (noting that the federal Wiretap Act "contain[s] an exemption from liability for a person who is a 'party' to the communication . . ."); *In re Google Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125. 143 (3rd Cir. 2015) (same.))

Plaintiff also cannot maintain a claim against BPS pursuant to CIPA § 631 because the statute does not prohibit a party to the communication from recording the

---

*Technology, Inc.,* 3:22-cv-02025 (S.D. Cal.); *Ophelia Augustine v. Lenovo* (United States), Inc., 3:22-cv-02027 (S.D. Cal*.); Emir Balanzar v. HP Inc.*, 3:22-cv-02030 (S.D. Cal.); *Joan Wright v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 3:22-cv-1954 (S.D. Cal.).

communication. "Section 631 was aimed at one aspect of the privacy problem—eavesdropping, or the secret monitoring of conversations by third parties." (*Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985) (citing *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975).) "Only a third party can listen to a conversation secretly . . . . By contrast, a party to a communication can record it (and is not eavesdropping when it does)." (*Graham*, 533 F. Supp. 3d 823, 831 (N.D. Cal 2021) (citing *Rogers*, 52 Cal. App. 3d at 897-99); *see also, e.g.*, *Warden v. Kahn,* 99 Cal. App. 3d 805, 811 (Ct. App. 1979) (Section 631 "has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."))

Two recent decisions are directly on point. As Plaintiff does here, the plaintiffs in *Graham v. Noom, Inc.* alleged that Noom violated CIPA by using a third-party vendor's program "to capture and analyze data so that [the vendor] can see how visitors are using their websites." (*Graham,* 533 F. Supp. 3d at 828.) The court dismissed the claim on the grounds that Noom could not wiretap or eavesdrop upon its own user's website communications because Noom was a party to those communications. (*Id*. at 832.)

Similarly, in *Saleh v. Nike, Inc.,* 562 F. Supp. 3d 503 (C.D. Cal. 2021), the Court found that Nike was a party to the communication and therefore not liable for a violation of Section 631 when it allegedly used "session replay" technology that recorded the plaintiff's electronic communications with Nike's website, including mouse clicks, keystrokes, data entry, and other information. (*Id*. at 509, 518; *see also Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (defendant What If, "[a]s the website owner, [] was the intended recipient of plaintiff's communication" and cannot eavesdrop on its own conversation.))

In short, because Plaintiff alleges nothing more than BPS allegedly eavesdropped on its own communications with Plaintiff, Plaintiff has failed to state a claim under the Wiretap Act or CIPA.

### B. Plaintiff Has Not Alleged the Interception of Any Communication While "In Transit."

In order for Plaintiff to proceed on his claims, he must allege that BPS intercepted communication while "in transit." (*Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (under the Wiretap Act, the interception of a communication "in transit" means it must be "acquired during transmission" and not after the communication has already been received by the recipient and "is in electronic storage"); CIPA § 631 (interception must occur "while the same was in transit or passing over any wire, line, or cable . . ."); *NovelPoster v. Javitch Canfield Grp.,* 140 F. Supp. 3d 938, 953 (N.D. Cal. 2014) (applying *Konop's* analysis of the Wiretap Act to a CIPA claim); *Adler v. Community.com,* 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021) (dismissing CIPA claim because Plaintiff did not state a "plausible allegation that Defendant acted to learn the contents of the message while they were, in a technical sense, in transit or in the process of being received."); *Quigley v. Yelp, Inc.,* 2018 WL 7204066, at *4 (N.D. Cal. Jan. 22, 2018); *Mireskandari v. Mail*, 2013 WL 12129559, at *10 n.44 (C.D. Cal. July 30, 2013.))

In other words, Plaintiff must allege the purported communication was intercepted prior to the time the communication reached BPS. The Complaint makes no plausible factual allegations showing any communication was intercepted *during* transmission. Plaintiff's conclusory claims that the session replay software "allows [BPS] to contemporaneously intercept, capture, read, observe, re-route, redirect and receive" electronic communications is a boilerplate recitation of CIPA elements. (Complaint ¶ 9.) This allegation is wholly inadequate and does not provide BPS with any meaningful notice or understanding of Plaintiff's wiretapping or eavesdropping theory. (*In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1227-28 & n.9 (C.D. Cal. 2017) (holding that a "vague allegation" that interception occurs "in real time" is too conclusory to state an eavesdropping claim under either CIPA or the Wiretap Act); *Rosenow v. Facebook, Inc.*, 2020 WL 1984062, at *7 (S.D. Cal. Apr.

27, 2020) ("[Plaintiff's] allegation that Yahoo intercepted [Plaintiff's] communications during transit are conclusory."))

In fact, not only does Plaintiff fail to allege that the purported interception occurred while the communication was "in transit," his allegations demonstrate that any purported interception occurred *after* the purported communication. Plaintiff alleges that the session replay "code" that purportedly intercepts communications is "embedded within [BPS'] website." (Complaint ¶ 38.) In other words, this alleged "code" is triggered only after a communication reaches BPS' website, not "in transit."

For this reason as well, Plaintiff's Wiretap Act and Section 631 claims should be dismissed.

### C. Plaintiff Has Not Alleged that BPS Acquired Any "Contents of a Communication."

Plaintiff further fails to state a viable claim under the Wiretap Act and CIPA § 631 because BPS has not acquired any "contents of a communication." Not all communications trigger the Federal Wiretap Act or CIPA. Both of these statutes only prohibit the unlawful interception of the "contents of a communication," which Plaintiff does not allege BPS acquired here. (*Brodsky*, 445 F. Supp. 3d at 127.)

The Wiretap Act and CIPA define "contents of a communication" as "any information concerning the substance, purport, or meaning of [a] communication." (18 U.S.C. § 2510(8); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823 (N.D. Cal. 2021) ("The 'contents' of a communication under CIPA and the federal Wiretap Act are the same.")) Contents can be distinguished from "non-content" or "record information" about a communication, like "extrinsic information used to route a communication," that is not actionable if collected. (*In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 135 (3d Cir. 2015); *In re Zynga Priv. Litig.*, 750 F.3d at 1108.) Contents does *not* include "dialing, routine, addressing, or signaling" information, such as "addresses, phone numbers, and URLs… when they are performing such a function." (*In re Google,* 806 F.3d at 137.) Any purported tracking

1  of mouse clicks and movements, as well as URLs and keystrokes are wholly
2  insufficient to state a wiretapping claim. (*Yoon v. Lululemon USA, Inc.*, 549 F. Supp.
3  3d 1073, 1082-83 (C.D. Cal. 2021) (clicks, pages visited, and keystrokes, including
4  shipping and billing information are not "contents" for wiretapping purposes);
5  *Goldstein v. Costco Wholesale Corp.,* 559 F.Supp.3d 1318, 1321-1322 (S.D. Fla,
6  2021) (mouse clicks, scroll movements, pages and content viewed, keystrokes, copy
7  and paste actions, search terms, and information inputted by Plaintiff are not
8  "contents" because they did not convey the substance of any communication, rather it
9  was similar to a security camera at a brick-and-mortar store); *Jacome v. Spirit
10 Airlines,* 2021 WL 3087860 at *4 (Fla. Cir. Ct. June 17, 2021) (mouse clicks and
11 movements, keystrokes, search terms, information inputted by the plaintiff, and pages
12 and content viewed by the plaintiff are not "contents" under the Federal Wiretap Act
13 or any state analogs because it does not convey the meaning or substance of any
14 message.))

15      Plaintiff alleges that BPS collected information from Plaintiff to understand "…
16 the habits and preferences of users to its websites." (Complaint ¶ 41.) Plaintiff further
17 alleges that the content received included "mouse clicks and movements, keystrokes,
18 search terms, information inputted by Plaintiff, pages and content viewed, scroll
19 movements, and copy and paste actions." (Complaint ¶ 43.) As illustrated above, and
20 even if Plaintiff's allegations were pled with the requisite factual support as to his
21 interactions the BPS website, the information purportedly collected by BPS would fall
22 outside the realm of "content of a communication" that these statutes aim to protect.
23 (*Graham,* 533 F. Supp. 3d 823 (dismissing plaintiff's wiretapping claim based on
24 session replay "to the extent that it is predicated on non-content information.")).
25 Plaintiff's allegation that "personalized and sensitive information" was received by
26 BPS is far too conclusory to satisfy the pleading requirements of *Iqbal*, and thus, must
27 be disregarded. Notably, Plaintiff fails to identify what, if any, information was
28 actually inputted into the website at issue. This is yet another reason, Plaintiff's

Wiretap Act and CIPA claims fail.

**D.     The Complaint Should be Dismissed Without Leave to Amend.**

This Court should dismiss Plaintiff's claim without leave to amend because Plaintiff cannot show that he can cure the defects in his pleading. (*Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016).) There is no amendment that can be truthfully made to the Complaint that would allow Plaintiff to assert colorable Wiretap Act or CIPA Section 631 claims against BPS.

**V.     CONCLUSION**

Based on the foregoing, BPS respectfully requests that the Court grant its Motion to Dismiss the Complaint and deny Plaintiff leave to amend.

April 3, 2023                                         Respectfully Submitted

                                                  SHOOK, HARDY & BACON L.L.P.

By: */s/ Rachel A. Straus*
     Rachel A. Straus

Attorneys for Defendant
BPS DIRECT, LLC